[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY DATED JUNE 20, 2001 (#122)
The court (Devine, J.) dissolved the marriage of the parties on December 19, 2000 following a fully contested trial. Sole custody of the parties' two minor children was awarded to the plaintiff mother with rights of visitation to the defendant father. The defendant was ordered to pay child support to the plaintiff in the amount of $158 per week in accordance with the Guidelines. In addition, the defendant was ordered to pay $25 per week toward the child care expenses, a figure representing 59% of the total weekly expense.
October 28, 2000 the plaintiff gave birth to a son. The defendant is the biological father of this child. By motion dated June 20, 2001 the plaintiff moved to modify the child support to reflect that the parties now have three children to be supported. The motion was filed with the Clerk's office on July 12, 2001, and a hearing was set for August 8, 2001. The motion was not heard until April 26, 2002 when both parties testified and presented documentary evidence.
The only dispute arising out of the attempt to establish a new child support award under the Guidelines is the proper figure to use for the defendant's weekly earnings. There are some changes in circumstances since the dissolution, but most were contemplated by the court at the time of the dissolution. As predicted by the trial court, the defendant has lost his rental properties through foreclosure. Also, the trial court was skeptical about the defendant's earnings from his carpentry CT Page 5678 business, Creative Carpentry. The defendant claims that he no longer operates this business although there is nothing to prevent him from working at this business on nights or weekends or whenever he is unable to work as a union carpenter. One change not contemplated by the trial court is that the defendant receives $62.52 per week in rent from a roommate in his apartment. As recommended by the trial court the defendant now works full-time as a carpenter for the Local 24 Carpenters Union. This is in accordance with the Court's finding at the time of the dissolution that the defendant had the capacity to work full-time as a union carpenter. The defendant has the capacity to earn $772 per week (40 hours per week at $19.30 per hour) as a union carpenter. When added to the weekly rental income of $62.52 the court finds that the defendant has weekly gross earnings of $834.52. This is virtually the same as the trial court's finding that: "The court adopts the plaintiff's argument that the defendant has $825 per week in income available to him by way of earnings and/or earning capacity. . . ." The plaintiff's earnings have increased since the dissolution. Her gross weekly earnings have increased from $340 to $423.
Using a net weekly income of $351 for the plaintiff and $619 for the defendant, the proper child support for the three children is $209 per week pursuant to the Guidelines. This order should be retroactive to July 12, 2001, the date that the motion to modify was originally filed with the Clerk's office. This creates 40 weeks of arrearage at the difference between the old order of $158 per week and the new order of $209 per week. Therefore, there is an arrearage of $2040.
The plaintiff's motion to modify is granted as follows:
1. The defendant is ordered to pay child support to the plaintiff in the amount of $209 per week retroactive to July 12, 2001.
2. An arrearage of $2040 is created by this modification which the defendant is ordered to pay at the rate of $25 per week.
3. The defendant continues to be obligated to pay $25 per week for child care expenses.
4. With the consent of both parties no immediate wage execution will be ordered at this time.
5. The defendant is ordered to pay counsel fees to the plaintiff in the amount of $500. This sum is to be paid in full within 60 days.
John W. Pickard, J. CT Page 5679